THE HOME-RIVERSIDE COAL MINING COMPANY
v. GEORGE FORES.
**No. 11,928.**   (67 Pac. 445.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Error in Excluding Testimony on Cross-exami-
nation.*   On cross-examination of a party plaintiff, in an action
for personal injuries, sustained by him while working in a coal-
mine, he identified written statements he had signed and delivered
to his employer, showing that he had worked in the mine for sev-
eral weeks after the accident.   The court refused to receive these
statements in evidence, because the witness had testified on direct
examination that these reports, so made, were for work done for
him by another person.   *Held*, error.

2. ———— *Written Instruments—Argument to Jury.*   The ad-
mission of written instruments in evidence carries with it the
right of counsel to discuss their pertinence and weight as evidence
before the jury.   A denial of such right is equivalent to the exclu-
sion, in the first instance, of the proof admitted.

Error from Leavenworth district court; LOUIS A.
MYERS, judge.   Opinion filed January 11, 1902.   Re-
versed.

*N. E. Van Tuyl*, for plaintiff in error.

*John H. Atwood*, and *W. W. Hooper*, for defendant
in error.

The opinion of the court was delivered by

SMITH, J.:   This was an action for personal inju-
ries alleged to have been sustained by the defendant
in error in a mine owned and operated by plaintiff in
error, and through its negligence.   The plaintiff be-
low was a miner who was paid by the bushel, or ton,
for the coal mined by him.   He was hurt on Novem-
ber 20, 1897.   The extent of his injuries was a mate-
rial question in the case.

After plaintiff had detailed in direct examination

the extent and effect of the injuries received, counsel for the mining company, on the cross-examination, had him identify several written statements signed by him, showing the quantity of coal which he mined after the date of the injury, up to and including January 15, 1898. It appeared that he had rendered to the company four different statements at intervals of two weeks' time after the accident, showing that there was due him for coal mined up to November 30, 1897, $14.65; to December 15, $10.11; to December 31, $41.03, and to January 15, 1898, $13.28, after deducting the charges made against him by the company for oil, powder, caps and fuse supplied by it, which he used, and for the cost of sharpening and repairing his mining tools. He also identified six written requests made by him, in the month following the accident, for oil, fuse, powder, and caps, necessary in the work of mining coal.

These written statements were then offered in evidence by counsel for defendant below. The record recites: "Thereupon defendant offers the statements in evidence in connection with this cross-examination, being statements showing the wages earned from March, 1897, up to and including January 15, 1898, and there being no objection the same are received in evidence and are hereto attached, marked exhibits No. 2, No. 3, and No. 4." These exhibits include the requests for supplies above mentioned. Further along in the cross-examination, counsel for the mining company stated to the court that he desired to read these written statements in connection with the cross-examination, or have the privilege of reading them later in the evidence, for the purpose of showing for what work Fores received pay. In response to this request the court said: "He testified that another man worked

under his number ; they are not competent at this stage.'' Counsel for plaintiff below then objected to the admission of these statements as not proper cross-examination, which objection was by the court sustained.

On the argument of the case before the jury, when one of the counsel for the mining company began to comment on the written statements or slips, and the conclusions to be drawn from them, counsel for plaintiff below objected to such argument, which objection was sustained. The court then stated, in the presence of the jury : ''It is the testimony of Fores that another man did work for him under his number.'' The plaintiff below testified that he had done some work in the mine after he was hurt.

Whether another man did the work for Fores, indicated on these statements, was for the jury to decide. Because there was testimony, however strong, that some other person worked at mining for Fores after the accident, and under his number, the testimony to that effect was not entitled to such absolute verity that the court was justified, as a matter of law, in excluding other evidence in contradiction of it.

It was certainly a material inquiry, under the issues in the case, to ascertain to what extent the plaintiff below was injured, and how much time he had lost thereby. His written statements tended to show that he worked nearly sixty days after the accident happened, and received pay therefor, and drew from the mining company supplies necessary for the prosecution of his work. The credibility of his testimony, that another man did work under his number, was a matter for the jury to pass upon, and not for the court. These slips, or statements, were material because they were admissions in the handwriting of the

injured person that he mined a considerable quantity of coal, and occupied himself in doing manual labor for nearly sixty days after he was hurt. This testimony was competent as tending to contradict his oral testimony concerning the extent and permanence of his disabilities, caused by the negligence of the mining company, and should have gone to the jury. It is unnecessary to cite authorities to the effect that it is not the province of the court to reconcile contradictions in the evidence, or to quote decisions which hold that the jury are the exclusive judges of the facts. Counsel for defendant in error say in their brief: "There is no pretense that the slips were not before the jury. The record shows that they were introduced before the jury, and hence no valid complaint can lie in this connection." It is true that the slips were admitted in evidence early in the cross-examination, but afterward, in continuing his questions, counsel for the mining company was denied the right to read them to the jury, and in attempting to comment on them in final argument he was stopped by the court, and not permitted to do so. The admission of written instruments in evidence carries with it the right of counsel to discuss the pertinence and weight of such evidence before the jury. A denial of this right is equivalent to an exclusion in the first instance of the proof admitted.

The evidence sought to be introduced was competent and material and its exclusion prejudicial to the rights of the defendant below. The judgment of the district court will be reversed, and a new trial ordered.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.